DAVID N. STANTON *vs.* JOSEPH W. MAYNARD.

The maker of a promissory note given in payment for railroad bonds cannot show in defence to an action upon the note that at the time when it was given the plaintiff agreed to have the bonds indorsed by another railroad company before its maturity, and had failed to do so.

CONTRACT upon two promissory notes, signed by the defendant, payable to his own order and indorsed by him, dated September 27th 1861, each for $500, and payable in seven and ten months respectively. The answer is sufficiently stated in the opinion.

At the trial in the superior court, before *Russell,* J., the defendant offered evidence tending to show that the consideration of the notes was a sale of certain bonds of the Illinois Southern Railroad Company, which the plaintiff at the time of the sale

orally promised to have indorsed by the Pennsylvania Central Railroad Company on or before the 1st of January 1862, and that he has failed to fulfil his promise, whereby the value of the bonds was greatly impaired. The judge ruled that such promise, if made, could not be set up in defence of this action, and that it was necessary for the defendant to prove fraud. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. P. Treadwell,* for the defendant. The fact that the performance of the promise was to be completed previous to the maturity of the notes distinguishes this from such cases as *Waterhouse* v. *Kendall,* 11 Cush. 128. See *Traver* v. *Stevens,* 11 Cush. 167, and *Daggett* v. *Daggett,* 8 Cush. 520.

*G. E. Betton,* for the plaintiff.

CHAPMAN, J. The action is brought upon two promissory notes. The answer avers that the consideration of the notes was certain railroad bonds which were transferred by the plaintiff to the defendant; that the plaintiff made certain false and fraudulent affirmations that they were to be indorsed by the Pennsylvania Central Railroad Company; and that they were not so indorsed. The defendant was permitted to offer proof in support of this defence, and no question is raised respecting it. The defence was not sustained by the evidence.

The answer further averred that the sale of the bonds by the plaintiff to the defendant was conditional, the condition being that the plaintiff would cause the bonds to be indorsed by the Pennsylvania Central Railroad Company, which condition has not been fulfilled ; and that without such indorsement the bonds are worthless, or nearly so. Evidence offered in support of this answer was rejected, and the defendant excepts to this ruling. The cases of *Waterhouse* v. *Kendall,* 11 Cush. 128, and *Traver* v. *Stevens,* 11 Cush. 167, are cited in support of this ruling, and they sustain it. The notes and the agreement are independent contracts, and therefore the action can be maintained on the notes, though the agreement respecting the indorsement of the bonds has not been performed. See also *Tower* v. *Richardson,* 6 Allen, 351, and cases there cited. *Exceptions overruled.*